# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AARON SLOAN,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-12-1954** |
| v. : | |
| : | **(Judge Caputo)** |
| **CO WERTZ,** *et al.,* : | |
| : | |
| **Defendants** : | |

# M E M O R A N D U M

## I. Introduction

Presently before the Court are four motions filed by Mr. Sloan. The first seeks reconsideration of several of this Court's prior orders: (1) the August 11, 2016 Order (ECF No. 95) granting Defendants' partial summary judgment; (2) the September 8, 2016 Order denying his motion for a continuance (ECF No. 98); and (3) the October 28, 2016 Order denying his first motion for reconsideration of the Court's order granting Defendants' partial motion for summary judgment due to his failure to file a supporting brief (ECF No. 106). *See* ECF No. 108. Mr. Sloan's second and third motions seek a continuance in this matter based on his lack of access to adequate legal research opportunities and sufficient blank paper. (ECF Nos. 110 and 112.) Mr. Sloan's fourth motion seeks, *inter alia*, to be relieved of the obligation to file single-sided documents and permission to cite to unpublished opinions without attaching copies of the opinion to his filings.

For the reasons that follow, Mr. Sloan's motions will be granted in part and denied in part.

**II.    Background**

On October 1, 2012, Aaron Sloan, an inmate presently housed at SCI-Greene, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights while housed at SCI-Camp Hill. On August 11, 2016, the Court entered partial summary judgment in favor of all Defendants except Nurse McGinnis. (ECF Nos. 94 – 95.) Mr. Sloan was directed to file an amended complaint as to his claims against Nurse McGinnis. Mr. Sloan filed his Amended Complaint against Nurse McGinnis on September 22, 2016. (ECF No. 101). Defendant McGinnis moved to dismiss the Amended Complaint. (ECF No. 109.) Mr. Sloan has not filed a brief in opposition to Defendant McGinnis' motion.

**III.   Discussion**

**1.    Motion for Reconsideration**

Mr. Sloan asks the Court to reconsider various rulings, all of which are interlocutory in nature. *See Foulk v. Donjon Marine Co.*, 144 F.3d 242, 255 (3d Cir. 1998). The standard of review for reconsideration of an interlocutory order is different than the standard of review of reconsideration of a final order or judgment.

A motion for reconsideration of a judgment or final order, which courts generally interpret as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or for relief from a final judgment under Fed. R. Civ. P. Rule 60(b), requires the

showing of one of three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued the underlying order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Astrazeneca v. Pharma. L.P.* 769 F.3d 837, 848 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

Reconsideration of an interlocutory order, however, is more properly considered pursuant to Fed. R. Civ. P. 54(b), and is appropriate whenever justice so requires. *See State Nat'l Ins. Co. v. Cty of Camden*, 824 F.3d 399, 406, & n. 14 (3d Cir. 2016) (citing *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973) ("[S]o long as the district court has jurisdiction over the case, it possess inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so.")).

In this case Mr. Sloan did not file a brief in support of his motion for relief. He cites no facts or rationale to support his motion. Accordingly, the Court will deny his motion for relief (ECF No. 108) without prejudice. Mr. Sloan will not be prejudice by this decision as the action is still pending.

### 2. Motions for a Continuance

In both of Mr. Sloan's motions for a continuance he argues that he is unable to proceed in this action because he has been denied adequate access to legal research materials and sufficient paper to file briefs in support of his pending motions. (ECF Nos. 110 and 112.) Mr. Sloan argues that he has labored under these conditions since his November 24, 2015 transfer to his present institution, SCI-Greene.

3

Plaintiff's motions for a continuance will be denied as he submits no evidence to suggest that he is unable to file briefs in support of his various motions, or that prison officials are preventing him from filing briefs in support of his motions, or that he is unable to seek enlargements of time that would allow him to compensate for any delay in obtaining sufficient paper or research time to comply with his filing obligations. Since his transfer to SCI-Greene, Mr. Sloan has filed amended pleadings and briefs in this case and others before this Court and the Western District of Pennsylvania. His filings demonstrate his access to postage, legal research materials and paper. Mr. Sloan has not provided sufficient reason to further delay the progress of this case.

### 3. Motion for Relief

On January 10, 2017, Mr. Sloan filed a motion for relief and supporting brief. (ECF Nos. 113 and 114.) He seeks permission to file double-sided documents and relieved of the obligation of supplying copies of unpublished opinions in connection with his briefs. (ECF Nos. 113 and 114.) His motion will be granted in part and denied in part.

His request to file double sided documents will be denied. Mr. Sloan cites difficulties in obtaining sufficient quantities of blank paper and postage. (ECF No. 114.) The Court is aware that Mr. Sloan is litigating several actions before this Court and the United States Western District of Pennsylvania. The dockets in his cases before this case demonstrate continuous filings by Mr. Sloan since his transfer to SCI-Greene. Additionally, the Pennsylvania Department of Corrections has policies concerning the provision of paper and legal postage for indigent inmates. The Court will not circumvent the DOC's practices on

these matters without sufficient cause. If Mr. Sloan needs additional time to file an opposition or supporting brief, he should file a motion for enlargement of time. Also, a review of his brief in support of this motion, and his other filings before the Court, reveal reliance on various legal opinions demonstrating his access to legal research materials. However, if Mr. Sloan needs additional time to conduct his legal research, he need simply seek an enlargement of time explaining his reasons.

As for Mr. Sloan's request to be relieved of his obligation to comply with Middle District Local Rule 7.8 which requires "[a] copy of any unpublished opinion which is cited must accompany the brief as an attachment," his request will be granted. However, Mr. Sloan in cautioned that if he fails to provide the proper citation for an unpublished case upon which he relies, the Court will not consider it.

### 4. Defendant McGinnis' Pending Motion to Dismiss

To date, Mr. Sloan has not filed a brief in opposition to Defendant McGinnis' motion to dismiss. Having resolved all other pending motions in this matter, Mr. Sloan will be granted a *sua sponte* enlargement of time to file his opposition brief. Mr. Sloan may file a brief in opposition to Defendant's motion to dismiss on or before October 13, 2017.

An appropriate order follows.

                                                       /s/ A. Richard Caputo
                                                      **A. RICHARD CAPUTO**
                                                      **United States District Judge**

**DATE: September 13, 2017**