# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON SLOAN, | |
| Plaintiff, | NO. 3:12-CV-1954 |
| v. | (JUDGE CAPUTO) |
| CHRISTOPHER CHAMBERS, *et al.*, | |
| Defendants. | |

## MEMORANDUM

Presently before me is a Motion to Dismiss (Doc. 109) filed by Defendant Sheila McGinnis ("McGinnis"). Plaintiff Aaron Sloan ("Sloan"), formerly an inmate at the State Correctional Institute at Camp Hill ("SCI-Camp Hill"), asserts claims in his Amended Complaint against McGinnis for First Amendment retaliation, conspiracy, and Eighth Amendment violations regarding the denial of meal accommodations, the refusal to provide replacement prescription eye glasses, and the denial of treatment for chronic abdominal pain. The motion to dismiss will be granted in part and denied in part. Sloan's First Amendment retaliation, conspiracy, and Eighth Amendment denial of meal accommodations and failure to replace eye glasses claims will be dismissed because Sloan was instructed not to plead such causes of action when he was granted leave to file his Amended Complaint. However, the Eighth Amendment claim concerning the denial of medical care for Sloan's abdominal condition will not be dismissed because McGinnis has not moved for dismissal of this claim and the facts pled in the Amended Complaint state a claim for relief that is plausible on its face.

## I. Background

Sloan commenced this action *pro se* on October 1, 2012 concerning, *inter alia*, the alleged violations of his constitutional rights while he was housed in the Special Management Unit ("SMU") at SCI-Camp Hill. (*See* Doc. 1, *generally*). Named as

Defendants in the Complaint were CO Goss, CO Evans, CO Duncan, CO Shellenberger, Counselor Ellenberger, Lieutenant Flowers, Lieutenant Flinn, Unit Manager Chambers, Unit Manager Carberry, Psych. Kalsky, Superintendent Murray, and the Pennsylvania Department of Corrections Bureau of Healthcare Services. (*See id.*). Although Nurse Sheila McGinnis ("McGinnis") was identified once in the Complaint as a Defendant, she was not named as a Defendant in the caption of the Complaint. (*See id.* at ¶ 20). As a result, McGinnis was not listed as a party on the docket and was not served with a copy of the Complaint. (*See* Doc. 94, 33).

Defendants moved for summary judgment on May 30, 2014, and that motion was disposed of by Memorandum and Order dated August 11, 2016. (*See* Docs. 93-95, *generally*). In disposing of that motion, I observed that McGinnis had not been named in the caption of the Complaint as a Defendant as required by Federal Rule of Civil Procedure 10(a). (*See* Doc. 94, 33-34). Nevertheless, based on the fact that Sloan is proceeding in this action *pro se*, McGinnis was not dismissed as a Defendant for the lack of compliance with Rule 10. (*See id.*).

I proceeded to review the claims lodged against McGinnis. (*See id.*). The sole allegation against McGinnis provided: "Between the approximate time period of Oct. 1, 2010 and April 30, 2011 defendant Nurse Sheila McGinnis (McGinnis) denied Plaintiff medical treatment for non-medical reasons with the approval of Murray, Taggart, Doe 3 and other prison officials though it was known such should not be done and it should be provided." (*Id.* (quoting Doc. 1, ¶ 20)). This allegation, as explained, failed to meet the requirements of Rule 8 in that while Sloan alleged that McGinnis denied him medical care, he did not specify "when she denied him necessary medical care, what serious medical need was ignored, what harm was suffered as a consequence of her actions, or why he believes her treatment decisions were based on non-medical reasons." (*Id.* at 34). Thus, the Complaint failed to state a claim against McGinnis. (*See id.*).

Sloan was given the opportunity to file an amended complaint strictly as to his

2

claims against McGinnis. (*See id*. at 34-35). In so doing, Sloan was instructed that:

> [He] shall not re-file any claims disposed of in this memorandum and accompanying order in his amended complaint. Specifically, Mr. Sloan shall not include claims related to the following: (1) his denial of extra legal materials in his SMU cell; (2) the alleged "attempt" on his life; (3) denial of access to his legal materials while housed in the SMU; (4) denial of mental health therapy; (5) denial of an Eid al-Fitr meal; (6) his alleged receipt of a retaliatory misconduct (A77147); (7) the loss of two draft lawsuits by two non-defendants; (8) the denial of personal property and clothing per grievances 366105, 366758 and 367140; (9) issues concerning the lighting in his SMU cell; (10) the retaliatory denial of shaving opportunities; (11) retaliatory placement on a food loaf diet; (12) Eighth Amendment claim related to his receipt of "bean filled" food loaf; (13) any due process violation concerning destruction of prescription eye glasses; (14) claims of verbal harassment; (15) his conspiracy claim; and (16) any claims against the Bureau of Health Care Services.

(*Id*. at 35 n.14). As to Sloan's claim regarding his prescription eye glasses, he was informed that:

> The surviving claim concerning Mr. Sloan's prescription eye glasses is limited to their *confiscation* by Defendants Flowers and Flinn. As previously noted, grievance 353035 concerning the delay in Mr. Sloan's receipt of replacement eyeglasses was dismissed by SOIGA due to his failure to provide the required documents. Accordingly, *Mr. Sloan may not bring an Eighth Amendment claim related to his delay in receipt of a replacement pair by prison officials or medical staff*.

(*Id*. at 27 n.8) (emphasis added).

The Order accompanying that decision also limited the claims Sloan was authorized to pursue in the Amended Complaint:

> 7. Within twenty-one (21) days of this Order, Mr. Sloan shall file an amended complaint exclusively as to his Eighth Amendment claims against Nurse McGinnis.
>
> . . .
>
> 9. Mr. Sloan's failure to file an amended complaint as to his Eighth Amendment claims against Nurse McGinnis will result in this dismissal of all claims against this Defendant pursuant to 42 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 41(b).

(Doc. 95, ¶¶ 7, 9).

3

Sloan filed his Amended Complaint against McGinnis on September 30, 2016. (*See* Doc. 101, *generally*). The facts alleged therein are as follows:

Prior to his arrival at SCI-Camp Hill on August 3, 2010, Sloan had a well-documented record of: (1) allergies to seafood, beans, strawberries, and oranges; (2) complications with abdominal pains; and (3) a visual impairment requiring prescription eye glasses. (*See id*. at ¶ 1). Sloan made requests and complaints to prison officials at SCI-Camp Hill. (*See id*. at ¶ 2). Sloan provided McGinnis, a nurse at SCI-Camp Hill, with copies of grievances, responses, and medical records detailing these conditions. (*See id*. at ¶ 3). McGinnis, though, refused to document Sloan's requests for medical treatment and meal accommodations or provide him same because he questioned her competence and qualifications. (*See id*. at ¶¶ 5-6). McGinnis made these decisions for non-medical reasons and directed other prison officials to deny Sloan previously prescribed treatments. (*See id*.). McGinnis also falsified records. (*See id*. at ¶ 7). As a result of McGinnis' conduct and that of her "cohorts/co-conspirators," Sloan suffered from inadequate meals, blurry vision, and chronic abdominal pains, headaches, and eye pains. (*Id*. at ¶ 8).

Based on these facts, Sloan contends that McGinnis violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. (*See id*. at ¶ 8).

McGinnis moved to dismiss Sloan's Amended Complaint. (*See* Doc. 109, *generally*). In support, McGinnis argues that the claims concerning meal accommodations and prescription eyewear should be dismissed given that Sloan was directed not to re-file such claims. (*See* Doc. 111, 4). Second, McGinnis contends that the Amended Complaint fails to plead a cognizable conspiracy claim. (*See id*. at 5-6). Finally, the First Amendment retaliation claim fails, says McGinnis, because Sloan fails to plead any protected activity or that she engaged in any retaliatory conduct in response thereto. (*See id*. at 7-9).

Sloan filed a brief in opposition to the motion to dismiss disputing that any of

his claims are subject to dismissal. (*See* Doc. 120, *generally*). Specifically, he insists that he may proceed with his meal accommodations and prescription eye glasses claims against McGinnis, that the conspiracy claim satisfies the applicable pleading requirements, and that he sufficiently alleges constitutionally protected conduct and retaliation related thereto by McGinnis. (*See id*.).

The motion to dismiss has been fully briefed. It is now ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

### III. Discussion

From my review of the Amended Complaint, Sloan purports to set forth the following claims: (1) Eighth Amendment violation for the denial of prescription eye glasses; (2) Eighth Amendment violation for the refusal to treat his chronic abdominal pain; (3) Eighth Amendment violation for failing to provide proper meals and accommodate his food allergies; (4) First Amendment retaliation; and (5) conspiracy.

Sloan's claims for Eighth Amendment denial of prescription glasses and meal accommodations, First Amendment retaliation, and conspiracy will be dismissed. First, with respect to his claims regarding the *replacement* of his eye glasses, I have already found that Sloan is unable to advance a viable claim on that issue. (*See* Doc. 94, 27 n.8). While Sloan filed grievance 353035 concerning the replacement of his eye glasses, this grievance was ultimately dismissed for failure to provide the required documents. (*See id.*). Because of that, I concluded that Sloan "may not bring an Eighth Amendment claim related to *his delay in receipt of a replacement pair by prison officials or medical staff.*" (*Id.*) (emphasis added). Thus, the Eighth Amendment claim against McGinnis for the denial of replacement glasses will be dismissed.

Sloan's Eighth Amendment claim pertaining to the denial of meal accommodations will be dismissed as well. In granting Sloan the opportunity to file the Amended Complaint, he was instructed to avoid re-filing claims previously disposed of, including his "Eighth Amendment claim related to his receipt of 'bean filled' food loaf." (Doc. 94, 35 n.14). Despite this, Sloan included such a claim in the Amended Complaint, arguing that the prior decision "applied to all the named and unnamed defendants except for defendant McGinnis. As the analysis of the meal accommodations . . . was applied to other defendants only, it should not bar those claims from being raised against defendant McGinnis when the defense never previously argued against these claims on her behalf." (Doc. 120, 3).

Sloan's position is not convincing. For one, McGinnis had not been served with

the Complaint or identified as a party therein, so the defense had no reason to argue for her dismissal from this action. More significantly, though, is the fact that Sloan was directed to refrain from including an Eighth Amendment claim against McGinnis related to the denial of meal accommodations in the Amended Complaint. Sloan does not offer a meaningful justification for disregarding that decision. Accordingly, the Eighth Amendment claim related to his meal accommodations will be dismissed.

Likewise, the First Amendment retaliation and conspiracy claims are subject to dismissal for failure to comply with the August 11, 2016 Memorandum and Order. As quoted above, that Order made clear that Sloan was to file the Amended Complaint "*exclusively* as to his Eighth Amendment claims against Nurse McGinnis." (Doc. 95, ¶ 7) (emphasis added). This Order was consistent with the direction to Sloan that he was not to include in the Amended Complaint claims against McGinnis for "retaliatory placement on a food loaf diet" or conspiracy. (*See* Doc. 94, 35 n.14). Thus, the inclusion of the First Amendment retaliation and conspiracy claims in the Amended Complaint was improper. Those claims will be dismissed.

That leaves Sloan's Eighth Amendment claim based on the refusal to treat his chronic abdominal pain as his sole remaining cause of action against McGinnis. Notably, while she seeks dismissal of the Amended Complaint in its entirety, (*see* Doc. 109-1, *generally*), McGinnis does not provide any argument supporting the dismissal of Sloan's claim regarding the lack of treatment for his abdominal pain. (*See* Doc. 111, *generally*).

The Eighth Amendment prohibits the imposition of "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." *Helling v. McKinney*, 509 U.S. 25, 32 (1993). In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that "the Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide basic medical treatment to those who it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). This follows from the view that the "denial of medical care may result in pain and

7

suffering, which no one suggests would serve any penological purpose." *Estelle*, 429 U.S. at 103. To state a claim under the Eighth Amendment for the denial of medical care, a prisoner must allege "(1) that the defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse*, 182 F.3d at 197.[1]

Sloan will be permitted to proceed with this claim. For present purposes, Sloan provides sufficient factual matter to support a plausible Eighth Amendment denial of medical care claim. Sloan alleges that he has chronic abdominal pain, that he has been prescribed treatment for this condition, that he informed McGinnis of this condition, and that he provided her medical records reflecting same. Yet, despite this knowledge, McGinnis denied treatment for non-medical reasons, *i.e.*, her personal animus against him. On these allegations, and noting both Sloan's status as a *pro se* litigant and the lack of argument by McGinnis for dismissal of this cause of action, Sloan will be permitted to continue with his Eighth Amendment claim against McGinnis pertaining to the denial of treatment for his chronic abdominal pain.

### IV. Conclusion

For the above stated reasons, the motion to dismiss filed by McGinnis will be granted in part and denied in part. All claims against McGinnis except the Eighth Amendment claim for refusal to treat his chronic abdominal pain will be dismissed.

An appropriate order follows.

October 18, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge

---

[1] Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 104. Such indifference may be show by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that results in suffering or risk of injury, *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury." *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990).